IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SONNY LAUREN HARMON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>GLYNN BOOHER, et al., )<br>)<br>Respondents. ) | No. CIV-04-235-C |

**O R D E R**

Petitioner, Sonny Lauren Harmon, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Magistrate Judge Bacharach issued a Report and Recommendation (Dkt. No. 67) recommending that habeas relief be denied. Petitioner has objected, and Respondents, as ordered by the Court, have filed a Response. For the reasons stated below, the Court agrees that habeas relief should be denied.

**BACKGROUND**

Petitioner challenges the revocation of parole and calculation of his sentences in Case Nos. CF-92-1249 and CF-84-1339. In CF-84-1339, Petitioner was convicted of larceny of an automobile (Count I) and attempted larceny of an automobile (Count II). He was sentenced to fifteen years on each count, to run consecutive to one another. Petitioner was received into custody on June 18, 1985, and began serving his sentence on Count I. He was

---

[1] In his Objection, Petitioner asserts that relief is requested pursuant to 28 U.S.C. § 2254. Because he is challenging the execution and administration of his state sentences rather than the validity of his convictions, the Court construes his petition as arising under 28 U.S.C. § 2241. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000).

paroled on Count I on September 15, 1987, and began serving his sentence on Count II. On October 26, 1989, Petitioner was paroled on Count II, with 4,150 days remaining on his sentence. The Certificate of Parole recited rules and conditions of parole and contained Petitioner's signature under the text:

> I have read these conditions and understand that I must obey them until the term of my parole expires. I understand that under the law the Governor can revoke my parole at any time if I do not follow these rules or obey the law. I also understand that a finding of guilt, or plea of guilty or nolo contendere will be evidence that I failed to obey the law. I will be arrested and sent back to prison to serve the remainder of my sentence plus any new sentences.

(Dkt. 61, Ex. 1 at 2.)

Oklahoma law was amended after the commission of the crimes in CF-84-1339 to allow the paroling authority, beginning November 1, 1987, to, as a discretionary matter, revoke all or any portion of parole. 57 Okla. Stat. § 230(B). Previously, the law authorized the paroling authority to revoke parole and recommit "without further proceedings, to confinement for the remainder of, and under the terms of, [the] original sentence." 57 Okla. Stat. § 346 (1981).

On December 23, 1991, Petitioner's parole on CF-84-1339 Count II was revoked because of a rule violation (i.e., association with persons on parole or with a criminal record). The Governor ordered "that he be reincarcerated to serve only one year of the remaining portion of the term with no credit for street time." (Dkt. No. 48, Ex. 6.) On February 7, 1992, while incarcerated on CF-84-1339, Petitioner began serving sentences for his involvement in a chop shop in 1991. His sentences for those crimes, in Case Nos.

CF-91-172, CF-91-182, and CF-91-192, were for twenty years, to run concurrently and with the remainder of CF-84-1339.

According to Respondents, Petitioner was automatically reparoled on CF-84-1339 Count II on March 22, 1992. As of that date, he had 3,784 days remaining on his sentence and an expected discharge of August 2, 2002. (The Certificate of Parole Revocation dated June 25, 2002, states that Petitioner was actually granted parole on May 17, 2001. (Dkt. No. 48, Ex. 16.)) Petitioner remained in prison and discharged his sentences on CF-91-172, CF-91-182, and CF-91-192 on November 28, 2000. At that time, he was rebilled to CF-92-1249, a three-year sentence imposed for a 1992 escape attempt.

Petitioner was paroled on CF-92-1249 on May 17, 2001, and released from prison. Petitioner had 676 days remaining on CF-92-1249 as of his release and an expected discharge date of March 24, 2003. Due to the violation of certain parole rules and several felony charges in November 2001, Petitioner was arrested in February 2002. His paroles for CF-84-1339 Count II and CF-92-1249 were revoked on June 25, 2002. The prison staff booked these parole revocations as concurrent. On December 18, 2003, the sequencing of the revocations and sentences was corrected to be consecutive.

On June 1, 2004, Petitioner was again paroled on CF-84-1339 Count II, with 1,773 days remaining on his sentence. When Petitioner was paroled on CF-84-1339 Count II, he was rebilled to and began serving the remainder of his sentence on CF-92-1249, which was

discharged in January 2005.[2] Barring no further parole violations and revocations, the parties anticipate that Petitioner will discharge his sentence for CF-84-1339 Count II on February 8, 2009.

## DISCUSSION

28 U.S.C. § 2241(c)(3) provides that a writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." In his habeas petition, Petitioner argues that: (1) the lack of a probable cause hearing prior to his re-incarceration in 2002 deprived him of procedural due process rights; (2) illegally obtained evidence was used to support the revocation of his paroles in 2002; (3) he discharged his sentence for CF-84-1339 Count II by November 2000, or, alternatively, application of § 350(B) and automatic reinstatement of parole constituted an ex post facto violation; (4) the administration of his revoked sentences for CF-84-1339 Count II and CF-92-1249 was improper; and (5) the calculation of earned credits in CF-84-1339 Count II was improper. The Magistrate Judge considered each of these arguments and, for reasons that need not be repeated in full here, found them to be without merit.

In his Objection, Petitioner makes several challenges. First, he argues that the Magistrate Judge did not address whether the timing and location of the probable cause hearing, together, were constitutionally unreasonable. Second, he argues that the parole authorities' determination that evidence, obtained pursuant to a warrant that was

---

[2] Petitioner began serving his ten-year concurrent sentences on multiple counts of Case No. CF-01-379 on January 14, 2005.

subsequently invalidated and suppressed, was properly seized and its use of evidence in a parole hearing invalidates the actions of the parole authorities. Third, Petitioner argues that his automatic reparole on CF-84-1339 Count II violated the Ex Post Facto Clause. Fourth, he contends that he is entitled to a hearing on the recalculation performed in December 2003. And, fifth, he argues that he should be afforded a hearing on whether credits should have been awarded because the denial implicates both Double Jeopardy and Eighth Amendment concerns. None of these grounds are sufficient to warrant the habeas relief requested.

The timing and location of the preliminary hearing were constitutionally acceptable. Morrissey v. Brewer, 408 U.S. 471, 485 (1972), explains that due process requires "some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available." The probable cause hearing was held on February 13, 2002, eight days after Petitioner's arrest. The hearing was held at the Lexington Assessment and Reception Center in Lexington, Oklahoma. Ada, Oklahoma (where Petitioner was arrested) and Lexington are not a significant distance from one another or from Pauls Valley, Oklahoma, where Petitioner had been living at the time of the parole violations. And even when considered in conjunction with the short period of time in which Petitioner awaited the hearing while confined in a correctional facility, there was no due process violation.

The Magistrate Judge is also correct that "[t]he federal constitution 'does not bar the introduction at parole revocation hearings of evidence seized in violation of parolees' Fourth Amendment rights.'" (Report & Recommendation at 2 (citing Pennsylvania Bd. of Probation

& Parole v. Scott, 524 U.S. 357, 364 (1998).)  Petitioner's view that the presumptions underlying the Supreme Court's decision are not applicable here is of no moment.  The parole authorities' mistaken belief that the evidence was legally obtained does not undermine the proceedings or their authority to act as they did.  Petitioner is not entitled to habeas relief on this ground.

With respect to Petitioner's ex post facto argument, the Court does not agree that he has demonstrated that habeas relief is warranted.  The automatic reparole of Petitioner, without his consent, in 1992 may have been a retroactive application of law or policy not existing or possible in 1984, but Petitioner does not show that, at the time he was reparoled, that action created a significant risk of increasing his punishment.  See Garner v. Jones, 529 U.S. 244, 255 (2000); see also Henderson v. Scott, 260 F.3d 1213, 1217 (10th Cir. 2001) ("Although the statute is not violative of the ex post facto prohibition on its face, Mr. Henderson could still prevail upon a showing that its application in his case would result in a significant risk of a longer period of incarceration.") "Due to the ongoing accumulation and/or reduction of credits throughout an inmate's period of incarceration, there is no expectation of finality in the sentence or that the prison sentence will be discharged short of the term set forth in the formal judgment and sentence." Warnick v. Booher, 2006 OK CR 41, ¶ 13, 144 P.3d 897, 901.  There is also insufficient evidence that the practical implementation of automatic reparole in this case was the cause of a longer period of incarceration–when compared to what might have occurred had his parole been revoked in full.  See Lawhead v. Ward, No. 05-6249, 2007 WL 241286, at *4 (10th Cir. Jan. 30, 2007)

(explaining that there was no speculation regarding the application of a retroactive rule when the parties stipulated to the exact number of credits the petitioner would have received and considered misconduct during that period).[3]  Thus, habeas relief is not warranted.

Petitioner's objection to the administration of his revoked sentences is also with merit. As the Magistrate Judge explained, correcting a consecutive term that had been mistakenly recorded as concurrent does not offend Petitioner's constitutional rights.  Petitioner was sentenced in CF-92-1249 to a three-year term to run consecutive to other sentences.  When his parole on CF-84-1339 Count II and CF-92-1249 were revoked in June 2005, the Certificates of Parole Revocation stated his parole was revoked on both and the Governor ordered that he be "reincarcerated to serve the remaining portion of the term[s]. . . ." (Dkt. No. 48, Exs. 15 & 16.)  The Certificates do not indicate that the terms should run concurrently, although the Governor may generally "order that a parole revocation run concurrently with any other sentence rendered by an Oklahoma state court." 21 Okla. Stat. § 61.3; see also Pet'r Objection at 12.

> Notably [§ 61.3] makes no specific grant of authority to the Governor to order a parole revocation to be served *consecutively* to another sentence. The statute only grants the Governor a special power to order *concurrent* sentences. In cases where the Governor chooses not to exercise this limited special power to order concurrent terms, then the revoked parole term will be served in the manner specified within the Judgment and Sentence; and if the Judgment and Sentence does not specify, it runs as otherwise required by operation of law. Cf. 21 O.S.2001, § 61.1 (providing that sentences are to be served by a defendant in the order in which they are received by the institution "unless a

---

[3] This unpublished opinion is cited in accordance with Tenth Circuit Rule 36.3.

judgment and sentence provides that it is to run concurrently with another judgment and sentence").

Williams v. State, 2004 OK CR 8, ¶ 9, n.6, 87 P.3d 620, 623 n.6.  Thus, the "correction" in December 2003 did not violate a liberty interest, and a hearing on the matter is not necessary.  Nor is habeas relief is warranted.

Finally, for the reasons explained by Judge Bacharach, Petitioner's contention that he is entitled to credits is without merit.  Petitioner is challenging the substance of the decision to deny Ekstrand[4] credits for his working a "3 for 1 job," a matter of state law.  He has not shown that denial of these credits unconstitutionally lengthened his sentence.  Therefore, a hearing is not necessary, and habeas relief is not warranted.

## CONCLUSION

Accordingly, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge (Dkt. No. 67), and for the reasons announced herein, denies this Petition for Habeas Corpus Relief.  A judgment will enter accordingly.

IT IS SO ORDERED this 12th day of April 2007.

*/s/ Robin J. Cauthron*
ROBIN J. CAUTHRON
United States District Judge

---

[4] Ekstrand v. Oklahoma, 1990 OK CR 21, 791 P.2d 92, abrogated on other grounds by Waldon v. Evans, 1993 OK CR 46, 861 P.2d 311.